## RICHARD PETERS *v.* TOBIAS GIBSON.

*Article 351 of the Code of Practice was intended to compel the oral answer of the party in the presence of the court and opposite party, and to compel him to answer from his recollection and knowledge of the facts in his own words, and in such language as occurs to him when thus interrogated. He cannot be permitted to prepare his answers beforehand and read them in court.*

*A party interrogated may refer to memoranda to assist his recollection, as other witnesses may.*

APPEAL from the District Court, Fifth District, Parish of Terrebonne, *Cole*, J. *J. C. & A. Beatty*, for plaintiff. *Goode*, for defendant and appellant.

MERRICK, C. J. A careful examination of the record and testimony in this case has brought us to the conclusion that the cause must be remanded for a new trial.

In the lower court, while the case was on trial before the jury, the defendant, in order to establish certain of the credits claimed by him, propounded interrogatories to be answered by the plaintiff. The interrogatories were propounded just as the court was adjourning for dinner. When the plaintiff came to answer the interrogatories in the afternoon, instead of giving the answer to each question, as read to him by the Clerk, *viva voce*, he handed to the Clerk a slip of paper in the handwriting of his attorney, and signed by himself, which the Clerk recorded and read to the jury as his answer, the party interrogated not uttering a word. The defendant objected to each answer, and insisted that the party should answer orally, but the court overruled the objection, and defendant excepted.

The defendant insists in this court that the interrogatories shall be taken as confessed, or that the case be remanded to the lower court for a new trial.

Article 351 of the Code of Practice gives the party propounding the interrogatories the right to require the opposite party to answer in open court, and in his presence, on a day to be fixed by the Judge, provided the party interrogated resides in the parish where the court is held.

The right to interrogate a witness in the presence of the parties, the jury and the court, has been deemed of great importance, and guarded with jealous care; so much so that it is guaranteed to the accused in criminal cases by the Constitution.

13

We doubt not the Article of the Code of Practice cited was intended to com-
pel the oral answer of the party in the presence of the court and opposite party,
and to compel him to answer from his recollection and knowledge of the facts
in his own words, and such language as occurs to him when thus interrogated.
If it is legal to prepare his answers beforehand, and deliver them to the Clerk,
or even read them himself, no useful purpose is attained by bringing the party
into court.  His answers might as well be prepared and sworn to in the pre-
sence of a Justice of the Peace.

We think the party interrogated in open court, in regard to the testimony he
is about to give, is so far a witness upon the stand; and that the party interro-
gating has a right to a reply to each interrogatory in the words of the witness.
The party interrogated may refer to memoranda to assist his recollection only
in such cases as are allowed to witnesses examined orally upon the stand.

The court having sustained the party interrogated in the manner in which he
proposed to answer, the penalty for neglecting to answer cannot be invoked
against him, and the cause must be remanded to give the plaintiff an opportu-
nity to make legal answers to the interrogatories on facts and articles before
they can be taken as confessed.

It is, therefore, ordered, adjudged and decreed by the court, that the judg-
ment of the lower court be avoided and reversed, and the cause be remanded
for a new trial, with directions to the plaintiff to answer orally in open court,
and the presence of the opposite party, the interrogatories propounded to him,
otherwise to take the same as confessed.  And it is further ordered, that the
plaintiff pay the costs of this appeal.